IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.:

DR. KEYNE JOHNSON, M.D.,
An individual resident of Florida,
And BRAIN AND SPINE INSTITUTE
FOR CHILDREN, LLC, a Florida
Limited Liability Company,

                Plaintiff,

v.

RODNEY A. BROWN, an individual
Resident of Florida, and BRUINGTON INC.,
A Florida corporation,

                Defendants.

_____/

**COMPLAINT FOR CORRECTION OF INVENTORSHIP PURSUANT TO 35 U.S.C. §256, BREACH OF CONTRACT, FRAUD, UNJUST ENRICHMENT, CONVERSION, AND PUNITIVE DAMAGES**

Plaintiffs, DR. KEYNE JOHNSON, M.D. ("Dr. Johnson"), and BRAIN AND SPINE INSTITUE FOR CHILDREN, LLC., ("BASIC") (collectively, "Plaintiffs"), by and through its undersigned attorney, hereby files this Complaint against Defendant RODNEY A. BROWN, ("BROWN"), and BRUINGTON, INC., ("BRUINGTON")(collectively, "Defendants"), alleging as follows:

**NATURE OF THE SUIT**

1.     Plaintiff, DR. KEYNE JOHNSON, M.D., is a renowned neurosurgeon based in Winter Park, Florida, and, amongst other things, operates the Brain and Spine Institute for Children.

1

2.  Dr. Johnson, as part of her practice, conceptualized the need to develop a pillow for children as follows:

> There exists a need in the art for a pillow that provides a shaped surface to prevent infant positional plagiocephaly and that is capable of correcting the condition in infants once it has occurred. Therefore, there exists a need in the art for an infant support pillow as claimed and described herein.

(Exhibit A. the Patent).

3.  Plaintiff, Dr. JOHNSON, after full conceptualization, contacted Defendants for the purpose of engineering the pillow, to make a prototype, and for possible manufacturing on a grand scale.

4.  The Parties entered into an executed Non-Disclosure Agreement, which, amongst other things, required that information exchanged would be held in confidence and not used for individual gain. (Exhibit B, NDA Agreement).

5.  After executing the NDA, Dr. Johnson confided in, and disclosed her invention to Defendants and the Parties began a relationship where Defendants would develop the product from conceptualized idea to a workable prototype/product.

6.  Then, and unbeknownst to Plaintiffs, Defendants, under the dominion and control of Defendant BROWN, and in contravention of the terms of the NDA, filed a patent for the idea conceptualized by Dr. Johnson. That patent application

resulted in an issued US Patent No.: 12,127, 692 B2. (Exhibit A, "the '692 Patent").

7. Defendants did not contribute to the conceptualization of the patented subject material and unlawfully, and without permission or knowledge of Defendants, filed the patent application in their own name, particularly, Defendant BROWN.

8. Defendant BROWN contributed nothing that would enable him to make a claim of inventorship under applicable US Patent Law.

9. Defendant BROWN is not the inventor as defined by applicable statutes and thus, the '692 Patent incorrectly names the wrong inventor.

10. As a result of naming a wrongful inventor, the '692 Patent is subject to scrutiny, invalidity, and fails to credit Plaintiff, Dr. JOHNSON as the proper inventor.

11. Defendant BROWN is not the proper inventor, owner, or assignee of the Patent and thus, without Court intervention, Defendants are able to make, use and sell products made under the '692 Patent, and do not owe a duty of accounting to Plaintiffs.

11. Defendants' action, including Defendant BROWN's patent filings, are a fraud on the United States Patent Office.

12. Court intervention is required to remedy such fraud, and to do so without invalidating the '692 Patent.

13. The NDA (Exhibit B, ¶2) specifically forbids Defendants from using the information disclosed to them by Plaintiffs for their own benefit.

14. Defendants' use of the disclosed information from Plaintiffs for their own benefit is a breach of the NDA.

15. Defendants used the information disclosed to them pursuant to the NDA for the purpose of filing the application that matured in the '692 Patent.

16. As a remedy stated in the NDA, Plaintiffs are entitled to a reasonable attorneys fee and costs. (Exhibit B, ¶6).

17. The NDA provides for injunctive relief as a remedy. (Exhibit B, ¶6).

18. Defendants had no knowledge relating to the invention and conceptualization of the ideas embodied in the '692 Patent, and merely were contacted to serve to make a protype/products for marketing to the affected community.

19. Defendants have committed fraud on the United States Patent and Trademark Office by knowingly filing a patent application with knowledge that Defendant BROWN is not the inventor.

20. Defendants have breached the NDA by taking for themselves, the information provided to them by Plaintiffs and filing the '692 Patent application that matured into the '692 Patent.

21. Plaintiffs are without an adequate remedy at law, as only the Court can determine the remedies available to Plaintiffs for correction of ownership and inventorship of the '692 Patent pursuant to 35 U.S.C. §256.

## PARTIES

22. Plaintiff, Dr. JOHNSON is a renowned medical doctor and neurosurgeon licensed in the State of Florida, and is the inventor of the technology embodied in the '692 Patent, and is a resident of the District.

23. Plaintiff, BRAIN AND SPINE INSTITUTE FOR CHILDREN, LLC, is a Florida Limited Liability Company, and is authorized by Dr. JOHNSON to make, use, and sell the pillow created and embodied by the technology under the Patent, and further, is a Party to the NDA, and is a resident of this District.

24. Plaintiff, Dr. JOHNSON, operates dominion and control over the BRAIN AND SPINE INSTITUTE FOR CHILDREN, LLC, and has authority to act for it.

25. Defendant, RODNEY A. BROWN, executed the NDA, received the information from Plaintiffs that was used to file and obtain the '692 Patent, and is a resident of this District.

26. Defendant, BRUINGTON INC., is a Florida corporation, owned and operated by Defendant BROWN, is a party to the NDA, and is a resident of this District.

## JURISDICTION AND VENUE

27. This Court has original federal subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, as this is an action arising under 35 U.S.C. § 256 of the Federal Patent Act, 35 U.S.C. §§ 1 et seq. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

28. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

29. This Court has personal jurisdiction over Defendants because they Case have transacted business in the State of Florida, and in this judicial district and because the exercise of personal jurisdiction over Defendants is consistent with due process.

30. Furthermore, the NDA is between Florida residents, Defendants transacted business with Plaintiffs, and Defendants' principal place of business is located in this District, and this action results from injuries to Plaintiffs that arise out of or relate to Defendants' extensive contacts with Plaintiffs in Florida and in this District.

31. In the alternative, this Court has personal jurisdiction over Defendants pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure for Plaintiffs' correction of inventorship claim and pursuant to pendent personal jurisdiction for all other claims.

## ADDITONAL RELEVANT FACTS

32. The Parties executed the NDA on November 16 and 17, 2022. (Ex. B).

33. Thereafter, Plaintiff, Dr. JOHNSON, disclosed information to Defendants that under the executed NDA were intended to be kept confidential, and importantly, for the use of Plaintiffs' only.

34. Defendant, BROWN, through the Law Firm of Bullock Law, and Stephen Bullock, filed a provisional patent application on January 8, 2023. (Ex. A).

35. Defendant, BROWN, used information disclosed to him pursuant to the NDA, for his personal gain and benefit, in violation of the express terms of the NDA. (Ex. B).

36. Defendant, BROWN, without permission or authority of the inventor, Dr. JOHNSON, filed a non-provisional patent application on January 2, 2024. (Ex. A).

37. The '692 Patent issued on October 29. 2024. (Ex. A).

38. The USPTO acknowledged that the conceptualization of Dr. JOHNSON is worthy of the protection afforded by the United States Constitution and applicable Patent Statutes.

39. The information misappropriated by Defendants and used by Defendant BROWN for his own gain, is inventive, new, novel, and provides a protectible contribution worthy of a United States Patent.

40. The invention embodied in the '692 Patent is the property of Plaintiff, Dr. JOHNSON, and not the property of Defendants.

41. Defendants' wrongful and unlawful use of the information disclosed to them by Plaintiffs constitutes a breach of the NDA, fraud on the Patent Office, and requires correction of inventorship, or be subject to the defense of invalidity.

42. The NDA acknowledges that a breach of the NDA provides the remedy of injunctive relief. (Ex. B, ¶6).

**COUNT I - <u>Correction of Inventorship of the 146 Patent (35 U.S.C. § 256)</u>**

43. The allegations of paragraphs 1–42 above are incorporated by reference as if fully set forth herein.

44. As detailed above, the '692 Patent discloses:

> There exists a need in the art for a pillow that provides a shaped surface to prevent infant positional plagiocephaly and that is capable of correcting the condition in infants once it has occurred. Therefore, there exists a need in the art for an infant support pillow as claimed and described herein.

45. Plaintiff, Dr. JOHNSON, conceptualized the idea of creating a pillow with a shaped surface to prevent infant positional plagiocephaly.

46. Defendants have no understanding of the medical condition the pillow seeks to prevent, and to claim inventorship of the shape of the pillow to treat this medical condition is fraud.

47. Prior to Plaintiff, Dr. Johnson, disclosing the information pursuant to the NDA, Defendants were wholly unaware of the medical condition and the need to develop a shaped pillow to prevent it.

48. Defendants, particularly Defendant BROWN, is not the inventor of the shaped pillow embodied in the '692 Patent, and to claim otherwise is fraud, and if stated under oath, perjury.

49. Defendant BROWN is wrongfully named as the inventor on the '692 Patent, and at all times, was aware that he is not the inventor, that Dr. JOHNSON conceptualized the pillow with a shaped surface to prevent infant positional plagiocephaly.

50. Dr. JOHNSON is the true and sole inventor of the subject matter claimed in '692 Patent.

51. Defendant, BROWN intentionally failed to name Dr. JOHNSON as the true and actual inventor on any claim in the application for the '692 Patent.

52. Defendants, BROWN falsely claims that he is the true and sole inventor of the subject matter claimed in the '692 Patent, and filed the application under oath under penalty of perjury. (Ex. C).

53. Defendant BROWN filed the application for the '692 Patent and obtained patent protection for the invention claimed in the '692 Patent without Plaintiffs' authorization.

54. Defendant BROWN's wrongful actions as detailed above has deprived Dr. JOHNSON of her ownership interest in the '692, has resulted in wrongful and false inventorship, and prevents her from the right to exploit the '692 Patent, and to benefit from her conceptualization of the ideas embodied in the '692 Patent, the proceeds, commercial opportunities, and reputational goodwill that would have resulted therefrom.

55. Defendant BROWN's wrongful actions as detailed above have resulted in erroneous inventorship on the '692 Patent.

56. This Court should therefore order (i) issue and Order of Correction of the inventorship of the '692 Patent so that the Director of the USPTO may issue a correction certificate as authorized and required by statute (35 U.S.C. § 256); and (ii) that Defendant BROWN undertake all other reasonable and necessary actions to obtain such correction.

## COUNT II-BREACH OF THE NDA AGREEMENT

57. The allegations of paragraphs 1–42 above are incorporated by reference as if fully set forth herein.

58. The Parties entered into a written NDA, which was executed by all Parties.

57.    The NDA included, amongst other things, an acknowledgement that Defendants would not take information disclosed to them by Dr. JOHNSON and use it for their own benefit.

58.    Defendants breached the NDA by, amongst other things, using the information disclosed to them by Dr. JOHNSON, namely, the shape, design, purpose, legal and medical descriptive terminology, and used it to falsely represent to the USPTO that Defendant BROWN is the inventor of the technology embodied in the '692 Patent.

59.    Plaintiff Dr. JOHNSON has been damaged by amongst other things, being deprived of the right to be named the exclusive inventor, and the benefits of Patent ownership, including g the exclusive right to exploit the '691 Patent.

60.    The NDA provides for injunctive relief, and attorneys fees and cost to the prevailing party. (Ex. B).

## COUNT III- FRAUD

61.    The allegations of paragraphs 1–42 above are incorporated by reference as if fully set forth herein.

62.    Defendants have committed fraud against the USPTO and against Plaintiffs.

63.    Defendants have made a false statement by claiming ownership and inventorship of what is embodied in the '692 Patent, and by seeking to profit

exclusively as the sole inventor of the conceptualization of what is claimed in the '692 Patent.

64. Defendant BROWN made false statements to the USPTO and others, with knowledge of their falsity, as at all times he knew he was not the inventor of what is claimed in the '692 Patent.

65. Plaintiffs, in particular, Dr. JOHNSON, have been harmed by Defendant BROWNS fraudulent statements and actions, in that she has been denied the right to be named as the sole inventor, the right to exploit the invention claimed in the '692 Patent, and the right to profit from it.

66. The USPTO, and others, have justifiable relied on Defendants, and Defendant BROWN's false statements by granting a the '6921 Patent in his name as the inventor, and by entering into other agreements or opportunities to exploit the '6921 Patent at the exclusion of Dr. JOHNSON.

## COUNT IV- Unjust Enrichment

67. The allegations of paragraphs 1–42 above are incorporated by reference as if fully set forth herein.

68. Defendants have received a benefit from Plaintiffs in their improper taking, possession, and use of Plaintiffs' proprietary information and intellectual property.

69. Plaintiffs' proprietary information and intellectual property came at great

expense to Plaintiffs as a result of advanced research and product development and commercialization.

70. Defendants have knowledge of, and continue to retain, the benefit received from Plaintiffs, yet Defendants have provided no compensation or consideration to Plaintiffs for their improper taking and use of Plaintiffs' proprietary information and intellectual property.

71. Defendants' retention and profitable exploitation of Plaintiff's proprietary information, Plaintiff's intellectual property, and the '692 Patent without compensating Plaintiffs are inequitable.

72. Defendants are therefore liable for the return of Plaintiffs' intellectual property, and for the damages suffered by Plaintiffs, including the value of the benefit acquired by Defendants, disgorgement of Defendants' improperly obtained profits, lost profits, and lost reasonable royalties in amounts to be proven at trial.

## COUNT V -Conversion

73. The allegations of paragraphs 1–42 above are incorporated by reference as if fully set forth herein.

74. As detailed above, Plaintiff DR. JOHNSON is the owner of the subject matter claimed in the '692 Patent and should be the named person and inventor.

75. Plaintiff DR. JOHNSON has the right to immediate possession of this property.

76. Defendants have wrongfully and without justification possessed and interfered

with Plaintiffs' property, and its ownership interest in and rights to the '692 Patent.

77. Plaintiffs have demanded an end to this wrongful possession and interference and a return of its property, but Defendants have refused.

78. Defendants' improper conduct has injured Plaintiffs by seeking to deprive Plaintiffs of their ownership of and rights to the '692 Patent and by preventing and usurping Plaintiffs' ability to take commercial advantage of its invention and the '692 Patent.

79. Defendants' conduct has resulted in damages, lost profits, and lost reasonable royalties, for which injury Defendants are jointly and severally liable to Plaintiffs in an amount to be proven at trial.

## **COUNT VI- Punitive Damages**

80. The allegations of paragraphs 1–42 above are incorporated by reference as if fully set forth herein.

81. The tortious conduct described above was committed by Defendants intentionally, willfully, maliciously, wantonly, and with utter disregard for the consequences to Plaintiffs. In addition to full compensatory damages and all other relief sought herein, Plaintiffs are entitled to an award of punitive damages against Defendants in an amount to be determined by the enlightened conscience of the jury sufficient to deter Defendants from engaging in such conduct in the future.

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief: A. A determination that DR. JOHNSON is the sole and original inventor of the invention claimed in U.S. Patent No. 12,127,692 B2 (the "692 Patent"); B. An Order directing the U.S. Patent and Trademark Office to issue a Certificate of Correction to correct the inventorship for the '692 Patent pursuant to 35 U.S.C. § 256; C. An order requiring Defendants to take all reasonable and necessary actions to obtain such correction; D. An injunction barring Defendants from exploiting, marketing, advertising, or otherwise using the '692 Patent; E. A judgment against Defendants and an award of compensatory damages against Defendants for the actual damages suffered by Plaintiffs as a result of the conduct described herein; F. An award of punitive damages against Defendants in an amount to be determined at trial; G. An award of prejudgment interest; H. A finding that Defendants breached the NDA by using information disclosed to them by Dr. JOHNSON for their own use in violation of the NDA; I. A finding that Defendants have committed fraud by falsely and with knowledge of its falsity, claiming exclusive ownership of the invention embodied in the '692 Patent; J. An award of the reasonable attorneys' fees and costs that Plaintiffs have incurred in this action pursuant to the remedies available under the NDA, 35 U.S.C. § 285, and all other applicable laws, in an amount to be determined at trial; and K. Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues triable by right of jury.

Dated:  February 28, 2025                                  Respectfully submitted,

By:/s/ Louis R. Gigliotti/

Louis R. Gigliotti, Esq.
LOUIS R. GIGLIOTTI., PA
Florida Bar No.: 71935
1605 Dewey Street
Hollywood, FL 33020
Ph/Fax: (954) 922 8214
lgigliotti@bellsouth.net

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via ECF on this 28th day of February 2025.

By:     /s/Louis R. Gigliotti
          Louis R. Gigliotti., Esq.